UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BOTT LAND, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>YELLOWSTONE SOUTHWEST I, LLC, a Delaware limited liability company; YELLOWSTONE SOUTHWEST II, LLC, a Delaware limited liability company; and YELLOWSTONE SOUTHWEST III, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. CV-10-117-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Summary Judgment (Docket No. 23) and Defendants' Rule 56(f) Motion to Deny or Continue Ruing on Plaintiffs' Motion for Summary Judgment (Docket No. 28). For the reasons explained below, the Court will grant the Rule 56(f) motion and deny without prejudice the motion for summary judgment.

## STANDARD OF LAW

**Memorandum Decision and Order – 1**

Rule 56(f) protects a party opposing a summary judgment motion who for valid reasons cannot by affidavit, or any other authorized means under Rule 56(e), present facts essential to justify the adverse party's opposition to the motion. The rule allows a "party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion by presenting valid reasons justifying his failure of proof." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2740 (3d ed. 1998). To prevail on the Rule 56(f) motion, a party must show by good-faith affidavit (1) the specific facts she hopes to elicit from further discovery, (2) that the facts exist, and (3) that such facts are necessary to resist a summary judgment motion. *State v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

## ANALYSIS

This case revolves around breach of contract claims related to purchase and sale agreements for real property in Teton County, Idaho. Under the circumstances of this case, the Court is satisfied that Defendants have fulfilled the requirements for granting a Rule 56(f) motion. Defendants have provided the Court with the affidavits of Matthew E. Johnson and Colby D. Cox. The affidavits identify facts Defendants need to discover before they can fully respond Bott Land's motion for summary judgment.

Among other things, the affidavits suggest that discovery will help resolve questions about the parties' course of dealing, such as whether Bott Land waived, modified or abandoned its right to seek certain payments pursuant to the contracts at issue. These issues are central to Bott Land's breach of contract claims. (Cox Aff.,

**Memorandum Decision and Order – 2**

¶¶ 17-26.) Defendants also suggest that discovery will support their counterclaims for Bott Land's breach of the covenant of good faith and fair dealing claims. For example, Defendants believe that discovery will show that Bott Land nullified purchase and sale agreements for a certain parcel of land by entering into a real estate agreement with a third party to sell the parcel in violation of the agreement. (Johnson Aff., ¶ 5.) They also believe that discovery with show that, after execution of the purchase and sale agreements, Bott Land led them to believe that it could transfer certain water rights to them without approval of a third party, which they now contend was not true. (Id.) Defendants also believe that discovery will support their counterclaim for fraud by showing that Bott Land knew, prior to executing the purchase and sale agreements, that Bott Land could not transfer water rights without prior approval of third parties, and that Bott Land misrepresented and failed to disclose this fact to Defendants. (Johnson Aff., ¶ 5.)

The Court also notes that Defendants are faced with responding to Bott Land's motion for summary judgment without having the opportunity to undertake any meaningful discovery whatsoever. Thus, regardless of the information which may be uncovered in discovery, denying Defendants' request for further discovery would be contrary to the general policy and practice of the Ninth Circuit on Rule 56(f) motions. Under Ninth Circuit precedent, it is generally the rule that where a summary judgment motion is filed so early in the litigation that a party has not had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should freely grant a

**Memorandum Decision and Order – 3**

Rule 56(f) motion. *Burlington Northern & Santa Fe Ry. Co. v. The Assiniboine*, 323 F.3d 767, 773 (9th Cir. 2003). District courts are expected to generously grant Rule 56(f) motions as a matter of course when dealing with litigants who have not had sufficient time to develop affirmative evidence. *Id*.

Of course a Rule 56(f) motion should not be granted when the non-moving party has failed to diligently pursue discovery of the evidence. *Qualls v. Blue Cross*, 22 F.3d 839, 844 (9th Cir. 1994). That is not the case here, however. Bott Land filed its motion for summary judgment a mere six weeks after the Court entered its Case Management Order, which was only one month after the parties exchanged initial disclosures, and only one month into what the parties contemplated to be a seven or eight month discovery process with a cutoff date of January 10, 2011. Thus, this is not a case where Defendants refused to engage in the discovery process. In fact, discovery is currently outstanding, which Defendants suggest will relate to the disputed issues in the pending motion for summary judgment. Accordingly, based on Ninth Circuit policy, and because Defendants have met the requirements of Rule 56(f), the Court will grant Defendants' request for further discovery and deny without prejudice Bott Land's motion for summary judgment. Bott Land may move for summary judgment at a later date if it so chooses. However, the Court expects that the motion will not be renewed until the parties have undertaken sufficient discovery to make such a motion meaningful.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for

**Memorandum Decision and Order – 4**

Summary Judgment (Docket No. 23) shall be, and the same is hereby, DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendants' Rule 56(f) Motion to Deny or Continue Ruing on Plaintiffs' Motion for Summary Judgment (Docket No. 28) shall be, and the same is GRANTED.

IT IS FURTHER ORDERED that the hearing currently scheduled for September 24, 2010 is VACATED.



DATED: **September 7, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – 5**